IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02553-WDM-CBS

DANIEL PATRICK YASCAVAGE,
         Applicant,
v.

JOE ORTIZ, Director of DOC, and
KEVIN MILYARD, Warden, SCF,
         Respondents.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on Yascavage's Amended "Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" ("Petition") (filed May 1, 2006) (doc. # 11). Pursuant to the Order of Reference dated June 12, 2006 (doc. # 21), the Petition was referred to the Magistrate Judge to, *inter alia*, "submit proposed findings of fact and recommendations . . . ." The court has reviewed the Petition, Respondents' Answer (filed July 12, 2005) (doc. # 26), Yascavage's Traverse (doc. # 34), the pertinent parts of the state court record, the entire case file, and the applicable law, and is sufficiently advised in the premises.

I.      Background

Yascavage is currently incarcerated at the Sterling Correctional Facility ("SCF") in Sterling, Colorado. (*See* Petition at p. 11 of 24). On March 14, 2000, a jury

1

convicted Yascavage of: (1) one count of harassment - stalking, Colo. Rev. Stat. § 18-9-111(4)(b)(I), (5)(b) (2002) (between April 22 and May 22, 2000) (a class 4 felony); (2) two counts of violating a restraining order, Colo. Rev. Stat. § 18-6-803.5 (2002) (a class 1 and a class 2 misdemeanor); and (3) one count of criminal solicitation - tampering with a witness or victim, Colo. Rev. Stat. § 18-8-707 (2002) (a class 5 felony).  The jury found, in response to a special interrogatory, that the harassment-stalking offense was committed while there was "a permanent restraining order, injunction, or condition of bond, probation, or parole" or "any other court order in effect" prohibiting Yascavage's contact or communication with the victim.  (*See* Answer, Appendix F at p. 8, Appendix G at p. 9).  The judgment of conviction was entered on March 14, 2001.  (*See* Petition at p. 1 of 24).  On June 19, 2001, Yascavage was sentenced to a five-year prison term on the harassment count, concurrent one-year terms on the misdemeanor counts, and a two-year consecutive term on the solicitation count.  (*See* Answer, Appendix F at p. 8).

On direct appeal, a division of the Colorado Court of Appeals ("Court of Appeals") reversed Yascavage's conviction for solicitation and affirmed his other convictions.  *People v. Yascavage*, 80 P.3d 899 (Colo. App. 2003), *aff'd*, 101 P.3d 1090 (Colo. 2004).  Both Yascavage and Respondents filed requests for certiorari review.  (*See* Answer, Appendix D). The Colorado Supreme Court ("Supreme Court") denied Yascavage's Cross-Petition for Writ of Certiorari on December 1, 2003.  (*See* Answer, Appendix D).  On November 30, 2004, the Supreme Court affirmed the judgment of the Court of Appeals.  *People v. Yascavage*, 101 P.3d 1090 (Colo. 2004).  The Court of

Appeals issued its mandate on December 30, 2004. (*See* Answer, Appendix C).

Prior to the conclusion of the direct appeal, Yascavage filed several motions in the trial court, including motions for postconviction relief pursuant to Crim. P. 35(c) based on ineffective assistance of counsel. (*See* Answer, Appendices A and B). On October 30, 2001 and December 27, 2001, the trial court ruled that because Yascavage's appeal was pending in the Court of Appeals, the trial court did not have jurisdiction to entertain the postconviction motions. (*See* Answer, Appendices A and B). Yascavage did not appeal the trial court's October 30, 2001 or December 27, 2001 Orders. (*See* Petition at p. 4 of 24). Yascavage filed this Petition in federal court on or about January 17, 2006.[1]

II.    Analysis

A.    One-Year Limitation Period for Filing Application for Federal Habeas Relief

Respondents do not challenge the timeliness of the Petition under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1).

B.    Exhaustion of State Remedies and Procedural Default

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). Before a state prisoner may raise a federal constitutional claim attacking his state conviction in a federal habeas corpus proceeding pursuant to 28 U.S.C. § 2254, he or she must have first exhausted state remedies and provided the state courts with a fair opportunity to

apply controlling legal principles to facts bearing on the constitutional claims. *Miranda v. Cooper*, 967 F.2d 392, 397 (10th Cir. 1992). This principle has been codified in 28 U.S.C. § 2254(b)(1).

As a threshold matter, Respondents contend that Yascavage has failed to exhaust his state court remedies as to any of his claims because he did not present his claims to the state courts as issues of federal constitutional law. Respondents further argue that Yascavage's claims are now procedurally barred. The court agrees.

1.      Whether Claims Were "Fairly Presented" to State Courts

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks omitted) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). "To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin*, 541 U.S. at 29 (internal quotation marks and citations omitted). *See also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) ("[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief"); *Duncan*, 513 U.S. at 365-66 ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely

4

be alerted to the fact that the prisoners are asserting claims under the United States Constitution").  While a petitioner need not invoke "talismanic language," *Duncan*, 513 U.S. at 366, or "cite book and verse on the federal constitution," *Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989) (internal quotation marks omitted), the substance of a federal habeas corpus claim must first be presented to the state courts in a manner which alerts the state courts to the fact that the defendant is raising federal constitutional issues and not simply issues of state law.  In order for a state prisoner to establish that he is entitled to federal relief, the decision of the last state court to which the petitioner presented his claims must fairly appear to rest on primarily issues of federal law or to be interwoven with federal law.  *Coleman v. Thompson*, 501 U.S. 722, 735 (1991).

Yascavage was represented by counsel before both the Court of Appeals and the Supreme Court on direct appeal of his conviction.  (*See* Answer, Appendices D and G).  Through counsel, Yascavage raised eight claims in the Court of Appeals.  (*See* Answer, Appendix G).  Yascavage raised all but one of the same claims in the Supreme Court.  (*See* Answer, Appendix D (Cross-Petition) at p. 1).  Yascavage raises the following claims in the Petition:

| | |
|---|---|
| Claim One: | "Violation of right to speedy trial;" |
| Claim Two: 22 | Yascavage withdrew this claim.  (*See* Petition at pp. 6, 21- of 24); |
| Claim Three: | "Exclusion of evidence;" |
| Claim Four: | "Defendant did not harass/stalk [the victim];" |

5

| Claim Five: | "Evidence was insufficient to support the conviction of harassment/stalking [sic];" |
|---|---|
| Claim Six: | "The defendant caused [the victim] serious emotional distress [sic];" and |
| Claim Seven: | "Trial court erred in refusing to hear motions on grounds of Ineffective Assistance of Counsel." |

(Petition at pp. 5-8 of 24, *see also* pp. 16-19 of 24).

As to Claim One, in his state court briefs, Yascavage cited one federal case, *Argersinger v. Hamlin*, 407 U.S. 25 (1972), that addresses the right of an indigent defendant in a criminal trial to the assistance of counsel. (*See* Answer, Appendix D (Cross-Petition) at p. 18; Appendix G at p. 34). The page to which Yascavage cited does not address speedy trial at all. *See Argersinger*, 407 U.S. at 32. Yascavage's Claim Three addresses exclusion of evidence of the victim's mental state as it may have affected her perceptions. In his state court briefs as to Claim Three, Yascavage recited generally the right to confront witnesses guaranteed by the Sixth and Fourteenth Amendments, citing two Colorado cases. (*See* Answer, Appendix D (Cross-Petition) at p. 16; Appendix G at p. 32). Yascavage did not cite any specific page of *People v. Gholston*, 26 P.3d 1 (Colo. App. 2000), a 30-page case that addressed Colorado's rape-shield statute. The page to which Yascavage cited in *Merritt v. People*, 842 P.2d 162 (Colo. 1992), addresses restrictions on cross-examination as to witness bias. *See Merritt*, 842 P.2d at 167. "[A] state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find

6

material . . . that does so." *Baldwin*, 541 U.S. at 32.

In Claim Four, Yascavage alleges that he "did not harass/stalk" the victim because he did not cause her emotional distress. (*See* Petition at pp. 7, 18 of 24). In Claim Five, Yascavage alleges that the evidence of his phone calls and letters did not demonstrate harassment/stalking. (*See* Petition at pp. 7, 18 of 24). In Claim Six, Yascavage alleges that he did not cause the victim's emotional distress; rather, her emotional distress was caused by "previous events or other factors." (*See* Petition at pp. 8, 18-19 of 24). In his state court briefs, Yascavage merely cited the "U.S. Const. Amends. V, VI, and XIV" without discussion, following the statement that "the conviction for harassment - stalking should be reversed." (*See* Answer, Appendix D (Cross-Petition) at p. 14; Appendix G at p. 27). "A mere passing reference to a constitutional issue certainly does not suffice." *Chambers v. McCaughtry*, 264 F.3d 732, 738 (7th Cir. 2001) (internal quotation marks and citations omitted).

As to Claim Seven, Yascavage cited no federal law or grounds in his state briefs. (*See* Appendix D (Cross-Petition) at p. 19; Appendix G at pp. 35-36). Yascavage asserted that the trial court erred as a procedural matter in refusing to hold a hearing on his *pro se* filings while he was represented by counsel. (*See* Appendix D at p. 19; Appendix G at pp. 35-36). Yascavage's arguments on appeal relied exclusively on Colorado statutes and caselaw. (*See id.*).

A habeas petitioner may not "simply apprise the state court of the facts underlying a claimed constitutional violation." *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994) (citation omitted). A "petitioner must also explain how those alleged events

7

establish a violation of his constitutional rights." *Mallory*, 27 F.3d at 994 (citations omitted).  A petitioner "may fairly apprise the state court of a federal constitutional claim by relying on federal and state cases that employ a constitutional analysis, asserting the claim in terms that call to mind a specific right protected by the Constitution, or alleging facts that fall well within the mainstream of constitutional litigation." *Velez v. People of the State of New York*, 941 F. Supp. 300, 309 (E.D.N.Y. 1996) (internal quotation marks and citation omitted).  *See also Laurore v. Spencer*, 267 F. Supp. 2d 131, 135 (D. Mass. 2003) (a court may be alerted to a federal constitutional claim by "trappings - specific constitutional language, constitutional citation, appropriate federal precedent, substantive constitutional analogy, . . . such as would in all likelihood alert a reasonable jurist to the existence of the federal question") (internal quotation marks and citation omitted);  *Mallory*, 27 F.3d at 995 ("The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined") (internal quotation marks and citation omitted).  *Cf. Baker v. Horn*, 383 F. Supp. 2d 720, 749 ((E.D. Pa. 2005) (appellate brief that set forth factual basis of each claim, specifically identified federal constitutional provision or guarantee violated, or cited federal cases addressing alleged constitutional violation, "fairly presented" to the state courts each claim in the petition).

In the state courts, Yascavage did not advocate any of the claims in the Petition on the basis of federal law.  Yascavage did not allege in the state courts that any of his fundamental constitutional rights were violated.  Yascavage's arguments on direct appeal relied on Colorado law.  The Appellee did not recognize or treat Yascavage's

claims as raising any federal constitutional issues.  (*See* Appendix F at pp. 18-28).  The

Court of Appeals reviewed Yascavage's claims as issues of state law only, not as a

federal constitutional issues.  *See People v. Yascavage*, 80 P.3d at 901-03.  The Court

of Appeals' decision neither rested on any issues of federal law nor was interwoven

with federal law.  *See Coleman*, 501 U.S. at 735.  When the Court of Appeals

addressed his claims as only state law issues, Yascavage presented virtually the same

arguments to the Supreme Court without alleging that the Court of Appeals overlooked

or mischaracterized his claims.

Because Yascavage did not present the substance of his claims in a manner

sufficient to put the state courts on notice that he was "complaining about a violation of

*federal* law," he has failed to exhaust his state remedies as to that claim.  *Baldwin*, 541

U.S. at 30 (emphasis in original).  Yascavage's claims are properly dismissed for failure

to exhaust state court remedies.


2.      Procedural Default

"Generally, when a habeas petitioner has failed to exhaust state court remedies,

a federal court should dismiss the petition without prejudice so that those remedies may

be pursued."  *Demarest v. Price*, 130 F.3d 922, 939 (10th Cir. 1997).  However, "if the

court to which Petitioner must present his claims in order to meet the exhaustion

requirement would now find those claims procedurally barred, there is a procedural

default for purposes of federal habeas review."  *Dulin v. Cook*, 957 F.2d 758, 759 (10th

Cir. 1992) (citation omitted).

Procedural default is a matter of state law.  Where a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims may be barred.  *Coleman*, 501 U.S. at 750.  A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision.  *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir.1998).  To be adequate, "a state's procedural rule used to bar consideration of a claim must have been firmly established and regularly followed by the time as of which it is to be applied."  *Walker v. Attorney General for the State of Oklahoma*, 167 F.3d 1339, 1344 (10th Cir. 1999) (citations and internal quotation marks omitted).  *See also Hickman v. Spears*, 160 F.3d 1269, 1270 (10th Cir. 1998) (state ground is adequate if the state strictly or regularly follows it and applies the rule evenhandedly to all similar claims).

Yascavage can no longer raise his unexhausted claims in the state courts on direct appeal.  *See* C.A.R. 4(b), 52(b).  Once the time for direct appeal has expired, the appropriate method of attacking a criminal conviction is through a motion pursuant to Colo. R. Crim. P. 35(c).

A post-conviction proceeding is "supplementary to the direct appeal."  *People v. Valdez*, 911 P.2d 703, 704 ((Colo. App. 1996).  The remedy provided by Rule 35 is not a substitute for direct appeal.  *People v. Shearer*, 508 P.2d 1249, 1253 (Colo. 1973).  The court "shall deny any claim that was raised and resolved in a prior appeal or postconviction proceeding on behalf of the same defendant."  Crim. P. 35(c)(3)(VI).  A postconviction motion will be dismissed if it constitutes "nothing more than a second

10

appeal addressing the same issues on some recently contrived constitutional theory."

*People v. Rodriguez*, 914 P.2d 230, 249 (Colo. 1996) (internal quotation marks and

citation omitted).  Yascavage "is prohibited from using a proceeding under Crim. P. 35

to relitigate issues fully and finally resolved in an earlier appeal."  *DePineda v. Price*,

915 P.2d 1278, 1281 (Colo. 1996).

The unexhausted issues alleged in the Petition could have been brought by

Yascavage on direct appeal.  Post-conviction review of Yascavage's unexhausted

claims would be nothing more than a second appeal addressing the same issues.  *See*

*People v. Bastardo*, 646 P.2d 382, 383 (1982).  The prohibition on raising claims in a

post-conviction petition that could have been brought on direct appeal is an adequate

and independent state procedural bar to federal habeas review.  Thus, Yascavage's

claims are procedurally barred from consideration by this court and must be dismissed.

3.      Exceptions to Procedural Default

The court must next determine whether an exception applies which would

overcome the procedural bar and allow Yascavage's defaulted claim to be reviewed by

this court.  Claims which have been procedurally defaulted must be dismissed with

prejudice unless the prisoner can demonstrate cause for the default and actual

prejudice as a result of the alleged violation of federal law, or alternatively, that failure

to consider the claims will result in a fundamental miscarriage of justice.  *Coleman*, 501

U.S. at 749-50.

The determination of cause and prejudice and of a fundamental miscarriage of

11

justice are both matters of federal law. *See Murray v. Carrier*, 477 U.S. 478, 489, 106 S. Ct. 2639 (1986). In order to meet the "cause" element of the cause and prejudice standard, a petitioner must demonstrate that his failure to properly raise his federal constitutional claims in state court was the result of some objective factor external to the defense. *Carrier*, 477 U.S. at 488; *Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995). "As for prejudice, a petitioner must show actual prejudice resulting from the errors of which he complains." *Johnson v. Champion*, 288 F.3d 1215, 1227 (10th Cir. 2002) (internal quotation marks and citation omitted). "More specifically, a petitioner must demonstrate actual prejudice resulting from the alleged constitutional violation." *Johnson*, 288 F.3d at 1227 (internal quotation marks and citation omitted).

"As an alternative to showing cause and prejudice, a procedurally defaulted petitioner can obtain federal review of his claims if he or she can demonstrate that failure to consider them will result in a fundamental miscarriage of justice." *Parkhurst v. Shillinger*, 128 F.3d 1366, 1372 (10th Cir. 1997) (citation omitted). The fundamental miscarriage of justice exception is an "extremely narrow exception, implicated only in 'an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent.' " *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999) (quoting *Ballinger v. Kerby*, 3 F.3d 1371, 1375 (10th Cir.1993) (quoting *Murray*, 477 U.S. at 496)).

Yascavage has not asserted any cause or prejudice for his failure to properly raise his claims in state court. Nor has he claimed or shown that the application of a procedural bar against his claims will result in a fundamental miscarriage of justice.

The court thus concludes that Yascavage has not demonstrated "cause and prejudice" or a fundamental miscarriage of justice sufficient to excuse the procedural default. Yascavage's claims are properly dismissed with prejudice. *See Coleman*, 501 U.S. at 749-50.


C.      Request for an Evidentiary Hearing in Federal Court

Yascavage seeks an evidentiary hearing in federal court.  (*See* "Petitioner's Traverse to Answer" (doc. # 34) at pp. 5-8).

Under the AEDPA, "a court cannot hold an evidentiary hearing unless (1) the claim relies on a new rule of constitutional law or a factual predicate that could not have been previously discovered, and (2) the facts underlying the claim are sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable jury would have found the petitioner guilty." *Bland v. Sirmons*, 459 F.3d 999, 1033 (10th Cir. 2006) (citing 28 U.S.C. § 2254(e)(2)).

Where the AEDPA does not preclude an evidentiary hearing, "a federal habeas court should proceed to analyze whether a hearing is appropriate or required under the pre-AEDPA standards." *Bryan v. Mullin*, 335 F.3d 1207, 1214 (10th Cir. 2003), *cert. denied*, 541 U.S. 975 (2004).  A habeas petitioner is entitled to an evidentiary hearing in federal court only if "his allegations, if true and not contravened by the existing factual record, would entitle him to habeas relief." *Cannon v. Mullin*, 383 F.3d 1152, 1175 (10th Cir. 2004), *cert. denied*, 544 U.S. 928 (2005).  *See also Campbell v. Vaughn*, 209 F.3d 280, 286-87 (3d. Cir. 2000) ("[F]ederal courts have discretion to

13

grant a hearing or not" and "[i]n exercising that discretion, courts focus on whether a new evidentiary hearing would be meaningful, in that a new hearing would have the potential to advance the petitioner's claim"). "But the factual allegations must be specific and particularized, not general or conclusory." *Anderson v. Attorney General of Kansas*, 425 F.3d 853, 858-59 (10th Cir. 2005) (internal quotation marks and citation omitted). A petitioner must explain how an evidentiary hearing will advance the habeas claim, or "forecast any evidence beyond that already contained in the record that [will] help his cause." *Campbell*, 209 F.3d at 287 (internal quotation marks and citation omitted). "[A]n evidentiary hearing is unnecessary if the claim can be resolved on the record." *Anderson*, 425 F.3d at 859 (citation omitted).

Yascavage cannot satisfy either one of the two exceptions listed in §2254(e)(2)(A) and (B), or establish his right to a hearing under pre-AEDPA standards. As the court has determined, above, that Yascavage has failed to exhaust his state court remedies and thus is not entitled to habeas relief, his request for an evidentiary hearing is properly denied.

D.      Conclusion

In sum, IT IS RECOMMENDED that the Amended "Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" (filed May 1, 2006) (doc. # 11) be DENIED and this civil action be dismissed with prejudice.

**Advisement to the Parties**

14

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made. 28 U.S.C. § 636(b)(1). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. *See In re Griego*, 64 F.3d at 583; *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *One Parcel of Real Property*, 73 F.3d at 1060. Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver

15

rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the

magistrate judge's report and recommendation must be both timely and specific to

preserve an issue for *de novo* review by the district court or for appellate review);

*International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52

F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the

magistrate's order, cross-claimant had waived its right to appeal those portions of the

ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to

file objections, plaintiffs waived their right to appeal the magistrate's ruling).  *But see,*

*Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does

not apply when the interests of justice require review).

DATED at Denver, Colorado, this 4th day of October, 2006.

BY THE COURT:


*s/Craig B. Shaffer*
United States Magistrate Judge

16

1.      The Tenth Circuit liberally applies the prison mailbox rule to habeas petitions governed by Colorado procedural law, requiring the court to treat the Petition "as placed in the hands of prison authorities on the same day it was signed."  *Marsh v. Soares*, 223 F.3d 1217, 1218 n. 1 (10th Cir. 2000) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)).  Thus, the court must treat the instant Petition as filed on January 17, 2006.