IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-02553-WDM-CBS

DANIEL PATRICK YASCAVAGE,

    Applicant,

v.

JOE ORTIZ, Director of DOC, and
KEVIN MILYARD, Warden, SCF,

    Respondents.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This matter is before me on the recommendation of Magistrate Judge Craig B. Shaffer, issued October 4, 2006, that the Application for Writ of Habeas Corpus filed by Daniel Patrick Yascavage (Yascavage) be denied. Yascavage has not filed an objection to the recommendation and therefore is not entitled to *de novo* review. 28 U.S.C. § 636(b).

I have reviewed the pertinent portions of the record in this case, including the application, the answer filed by respondents Joe Ortiz and Kevin Milyard (Respondents), the traverse, and the recommendation. I disagree with the recommendation on the sole issue of whether Claim Four was procedurally defaulted. Claim Four, in which Yascavage alleges he did not harass or stalk the victim, includes a statement that Yascavage was "charged with harassment stalking [sic] based on a criteria [sic] that is vague." He goes on to describe evidence that, liberally construed, could support a claim that the "serious emotional distress" language in the statute of conviction, C.R.S. § 18-9-111, is

unconstitutionally vague.  Yascavage raised this claim before the Colorado Court of Appeals and in his cross-petition for a writ of certiorari before the Colorado Supreme Court.  *See, e.g.*, Cross-Petition at page 12, Appendix D to Respondents' Answer to Order to Show Cause.

In his state court arguments, Yascavage relied on the United States Supreme Court's decision in *Connally v. General Constr. Co.*, 269 U.S. 385 (1926), a case that discusses vagueness in the context of the federal constitution.  This citation meets the criterial for "fairly presenting" a federal claim in state court proceedings.  *See Baldwin v. Reese*, 541 U.S. 27, 32 (2004) (federal issue may be raised by citing a case deciding claim on federal grounds).

I agree with the recommendation that Claims One, Three, Five, Six, and Seven are procedurally defaulted.[1]

Although this case should be allowed to go forward on Yascavage's Claim Four, I note that Yascavage has not complied with D.C.COLO.LCivR. 10.1M, which requires that a party notify the court of a change of address within ten days of the change.  The recommendation and a docket annotation mailed to Yascavage in September 2006 were returned to the court as undeliverable.  Because this case cannot proceed in his absence, I will order Yascavage to show cause why the case should not be dismissed for his failure to comply with the Local Rules of this Court.  D.C.COLO.LCivR. 41.1.

Accordingly, it is ordered:

---

[1]   Yascavage withdrew his second claim in his amended petition, filed May 1, 2006.

1. The recommendation of Magistrate Judge Shaffer, issued October 4, 2006, is accepted in part to dismiss, with prejudice, Claims One, Three, Five, Six, and Seven of the Amended Petition for Writ of Habeas Corpus, filed May 1, 2006.

2. The recommendation is rejected as to the recommended dismissal of Claim Four.

3. On or before May 18, 2007, Yascavage shall show cause why the remainder of his case should not be dismissed based on his failure to comply with the Local Rules of this Court, in particular Local Rule 10.1M, which requires him to notify the court of a change of address.

4. If Yascavage does not show cause as directed on or before May 18, 2007, this case shall be dismissed with prejudice pursuant to Local Rule 41.1 without further notice to any party.

DATED at Denver, Colorado, on May 1, 2007.

                BY THE COURT:

                s/ Walker D. Miller
                United States District Judge