IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-02553-WDM-CBS

DANIEL PATRICK YASCAVAGE,

    Applicant,

v.

JOE ORTIZ, Director of DOC, and
KEVIN MILYARD, Warden, SCF,

    Respondents.

## ORDER OF DISMISSAL

Miller, J.

    On May 2, 2007, I issued an order on the recommendation of Magistrate Judge Shafer in which I dismissed all claims asserted by applicant Daniel Patrick Yascavage (Yascavage) except for his fourth claim for relief. In my order, I noted that Yascavage had not complied with the local rules of this Court requiring parties to inform the court of changes of address in a timely fashion. D.C.COLO.LCivR. 10.1M. Indeed, my order on the recommendation has been returned to the court as undeliverable because of the lack of a current address for Yascavage. I ordered Yascavage to show cause by May 18, 2007, why the case should not be dismissed for his failure to comply with the rules of this court. D.C.COLO.LCivR. 41.1. I informed him that failure to respond to the order would result in dismissal of his case with prejudice without further notice to him.

    Yascavage has not responded to the order to show cause and had not provided the court with a current address, nor has he attempted to prosecute this case in any way.

Dismissal with prejudice as a sanction for failure to comply with court rules requires that I consider the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). These factors include: (1) the degree of actual prejudice to the defendant from the plaintiff's conduct; (2) the amount of interference with the judicial process; (3) the culpability of the plaintiff; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction; and (5) the efficacy of lesser sanctions. In this case, Yascavage has ceased participation in the litigation and has not provided the court with an address at which he may be reached. Both Respondents and the court are unable to proceed on the merits of the remaining claim in Yascavage's absence, an absence that appears to be completely within Yascavage's control. My May 1 order warned Yascavage of the possibility of dismissal as a sanction for his conduct. Finally, since Yascavage is not receiving any of the court's mailings, a lesser sanction would apparently not have any effect on his conduct. I conclude all factors weigh in favor of dismissal.

Accordingly, it is ordered that this case is dismissed with prejudice pursuant to Local Rule 41.1.

DATED at Denver, Colorado, on May 23, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge